UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| MARCIA HOLTZ, | ) |
| | ) |
| Plaintiff | ) |
| | ) **Case No.:** |
| v. | ) |
| | ) **COMPLAINT AND DEMAND FOR** |
| JPMORGAN CHASE BANK, N.A. D/B/A | ) **JURY TRIAL** |
| CHASE CARD SERVICES, | ) |
| | ) |
| Defendant | ) |

## COMPLAINT

MARCIA HOLTZ ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., allege the following against JPMORGAN CHASE BANK, N.A. D/B/A CHASE CARD SERVICES ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq* ("TCPA") and the Florida Consumer Collection Practices Act, Florida Statute §559.55 *et seq.* ("FCCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's claims under the Florida Consumer Collection Practices Act, Fla. Stat. ("FCCPA"), § 559.55, et seq., because those claims share a common nucleus of operative facts with Plaintiff's claims under the TCPA. See LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir. 2010).

4. Defendant conducts business in the State of Florida, and as such, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

6. Plaintiff is a natural person residing in Pompano Beach, Florida.

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Plaintiff is a "consumer" or "debtor as that term is defined by Florida Statute §559.55(8).

9. Defendant is a corporation with its principal place of business located at 200 Ottawa Avenue N.W., Grand Rapids, Michigan 49503.

10. Defendant is a "person" as that term is defined by 47 U.S.C. § 153 (39).

11. Defendant is a "creditor" as that term is defined by Florida Statute §559.55(5).

12. At all relevant times, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

13. Plaintiff has a cellular telephone number.

14. Plaintiff has only used this phone as a cellular telephone.

15. Defendant called Plaintiff on her cellular telephone repeatedly seeking to collect an alleged account balance.

16. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and/or automatic and/or pre-recorded messages.

17. Plaintiff knew that Defendant's calls were automated as the calls would begin

with a pre-recorded message with no caller on the line at the beginning of a call prior to being transferred or to one of Defendant's representatives or the call terminating.

18. Defendant's telephone calls were not made for "emergency purposes."

19. Shortly after the calls started, Plaintiff told Defendant to stop calling.

20. Once Defendant knew its calls were unwanted there was no lawful purpose in continuing to place calls to Plaintiff.

21. Defendant's incessant calls were exasperating and aggravating to Plaintiff.

22. Upon information and belief, Defendant conducts its business in a manner that violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

24. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automated message and/or prerecorded voice and/or automatic telephone dialing system.

25. Defendant's calls to Plaintiff were not made for "emergency purposes."

26. After Defendant was told to stop calling, Defendant knew or should have known it did not have consent to call and that any consent it may have thought it had, if any, was revoked.

27. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

28. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

30. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

31. Any person attempting to collect a consumer debt violates § 559.72(7) by willfully communicating with the debt with such frequency as can reasonably be expected to harass the debtor or willfully engaging in other conduct which can be reasonable excepted to abuse or harass, the debtor.

32. Defendant violated § 559.72(7) when it placed repeated and continuous telephone calls to Plaintiff and continuing to call Plaintiff even after she told them to stop calling.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MARCIA HOLTZ, respectfully prays for a judgment as follows:

    a. Statutory damages of $1,000.00 pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

    b. Costs and reasonable attorneys' fees pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77; and

    c. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    d. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    e. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    f. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

    g. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MARCIA HOLTZ, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: 12/13/19

By: */s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: aginsburg@creditlaw.com